660 So.2d 1206 (1995)
Arthur TOLIS et al.
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY and Agricultural and Mechanical College et al.
No. 95-CC-1529.
Supreme Court of Louisiana.
October 16, 1995.
PER CURIAM.
The application is granted. We reverse the judgment of the court of appeal and hold that the intermediate court's earlier judgment of March 29, 1994 was a final judgment that was conclusive between the parties and barred further litigation.
This action involves a dispute over an employment contract. The parties entered into a written compromise of the dispute, but plaintiffs later filed this action seeking to recover the second installment of the settlement proceeds and other relief.[1] Early in the litigation, the trial court acted on several pleadings, including the granting of a summary judgment that was reversed by the court of appeal.
Subsequently, the trial court on December 10, 1993 orally granted a partial summary judgment awarding plaintiffs liquidated damages, but there was an unexplained delay in the signing of a judgment until May 2, 1994.
In the meantime, the trial court on January 20, 1994 overruled an exception of res judicata. The court of appeal granted supervisory writs and rendered a judgment on March 29, 1994 maintaining the exception and dismissing the action in its entirety with prejudice. 94-0154 (La.App. 4th Cir. 3/29/94), 635 So.2d 1349. This court denied certiorari. 94-1072 (La. 6/17/94), 638 So.2d 1101.
In the meantime, the trial court on May 2, 1994 signed the partial summary judgment that had been orally granted in December. On appeal from that judgment, defendants argued that the trial court did not have the power and authority to render the May 1994 judgment because the entire action had already been dismissed by the court of appeal in a final judgment on March 29, 1994.
The court of appeal ruled that its judgment of March 29, 1994 could be reconsidered because the case had reached the court on supervisory writs rather than on appeal. The court noted that a disposition by the court on matters raised by supervisory writs usually becomes the "law of the case" and forecloses relitigation, but that the law of the case doctrine does not apply in cases of palpable error or in cases where application would result in manifest injustice. 94-1444 (La.App. 4th Cir. 5/16/95), 655 So.2d 747. The court concluded that there was palpable error in its March 29, 1994 judgment and that manifest injustice would occur from application of the law of the case doctrine.
The court of appeal confused the doctrine of law of the case in cases involving interlocutory judgments with the doctrine of res judicata in cases involving final judgments.
When a court renders a judgment that decides the merits of the case in whole or in part, the judgment is a final judgment. La. Code Civ.Proc. art. 1841. A final judgment may be rendered by either a trial court or an appellate court, and a judgment by an appellate court that decides the merits of the case is a final judgment, regardless of whether the case reached the appellate court on appeal or on supervisory writs.
A final judgment is conclusive between the parties except on direct review. La.Rev. Stat. 13:4231. Moreover, a final judgment acquires the authority of the thing adjudged if no further review is sought within the time fixed by law or if the judgment is confirmed on further review. La.Civ.Code art. 3506(31). Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the *1207 judgment, regardless of the magnitude of the error in the final judgment.
The intermediate court's judgment of March 29, 1994 dismissed plaintiffs' action in its entirety with prejudice, thereby deciding the merits of the case. That judgment was therefore a final judgment, which became res judicata and conclusive between the parties when it was rendered, although subject to modification by a higher court on direct review. La.Rev.Stat. 13:4231. Moreover, that judgment acquired the authority of the thing adjudged when this court denied certiorari. La.Code Civ.Proc. art. 2166D.
The January 20, 1994 judgment of the trial court overruling the exception of res judicata was an interlocutory judgment that reached the court of appeal on supervisory writs. If the court of appeal had simply denied supervisory writs, that denial would have been an interlocutory judgment that the court could have reconsidered on later review after judgment on the merits in the trial court. But the March 29, 1994 judgment of the court of appeal maintaining the exception of res judicata was itself a final judgment that barred subsequent modification by the court of appeal or by any other court except on direct review.
Accordingly, the judgment of the court of appeal of May 16, 1995 is reversed, and the action is dismissed.
NOTES
[1] A separate action was filed in federal court and was eventually dismissed. The issues involving that dismissal are not pertinent to this decision.