MOTION TO DISMISS

LDECUIR, Judge.
On September 9, 1997, Calumet Lubricants Company (“Calumet”) and Jeffery Brooks filed an exception to plaintiffs petition in 99-587. On June 17, 1998, Calumet filed an exception of prescription in 99-586. On February 2, 1998, plaintiff, Ru-ston | gJ. Bourque (“Bourque”), filed a motion to consolidate the above captioned cases. Calumet and Jeffery Brooks opposed the motion to consolidate.
On September 29, 1998, the motion to consolidate and the exceptions of prescription were heard by the trial court. The trial court granted the motion to consolidate, but denied the exceptions of prescription. A judgment reflecting the rulings made at the September 29, 1998, hearing was signed on October 28, 1998.
On the day judgment was signed, Calumet gave notice of its intent to file writs with this court from the October 28, 1998, judgment insofar as it denied the exceptions of prescription in the consolidated cases. A supervisory writ application was filed in this court in the consolidated cases on October 29, 1998 (docket number W98-1638). Bourque filed an opposition to Calumet’s writ application. On November 16, 1998, this court (Judges Yelverton, Decuir and Pickett) granted Calumet’s writ, and granted the exceptions of prescription as to Texaco Trading and Transportation Company, Ltd. (“Texaco Trading”) and as to Bourque. No party filed an application for rehearing with this court nor an application for writ of certiorari with the Louisiana Supreme Court.
*53 Following this court’s grant of Calumet’s writ, a judgment of dismissal was presented to the trial court. The judgment referenced this court’s grant of Calumet’s writ, and dismissed the claims of Texaco Trading and Bourque against Calumet. The judgment was signed by the trial court on January 20,1999.
On December 23, 1998, Texaco Trading filed a “Motion and Order for Devolutive Appeal” from this court’s November 16, 1998, judgment granting Calumet’s exceptions of prescription, which was granted by the trial court. On January 22, 1999, Bo-urque filed a “Motion and Order for Devol-utive Appeal” from this court’s November 16, 1998, judgment granting Calumet’s exceptions of prescription, which was granted by the trial court. On February 12, 1999, Texaco Trading filed a motion and order for appeal from the trial court’s January 20, 1999, judgment which dismissed the claims of Texaco Trading and Ruston J. Bourque against Calumet. The trial court granted Texaco Trading’s motion for appeal.
On April 13, 1999, Calumet filed a “Motion to Dismiss Unlodged Devolutive Appeals.” Calumet’s motion asserts the trial court lacked jurisdiction to enter the January 20, 1999, judgment dismissing the claims of Texaco Trading and Bourque against Calumet since the judgment of this court granting Calumet’s writ application was final. Calumet’s motion also asserts res judicata, or alternatively, the doctrine of |3“law of the case” prevents relitigation of the prescription issue presented in Calumet’s writ application.
Calumet asserts this court does not have jurisdiction to review the appeals filed by Texaco Trading and Ruston J. Bourque as this court’s November 16, 1998, judgment is a final judgment. Calumet asserts Texaco Trading and Bourque had two options for review of this court’s November 16, 1998, judgment. Texaco Trading and Bo-urque could have applied to this court for a rehearing pursuant to Uniform Rules-Courts of Appeal, Rule 2-18.7. The other option was to file an application for writ of certiorari to the Louisiana Supreme Court pursuant to Supreme Court Rules, Rule X, Section 5. Calumet cites La.Code Civ. P. art. 2166 for the proposition that this court’s November 16, 1998, judgment became final and definitive since neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari was timely filed.
In support of the motion to dismiss, Calumet cites Tolis v. Board of Supervisors of Louisiana State University, 95-1529 (La.10/16/95); 660 So.2d 1206. In Tolis, supra, the trial court orally granted a partial summary judgment in favor of plaintiffs on December 10, 1993. On January 20, 1994, the trial court overruled an exception of res judicata. Writs were taken to the court of appeal from the trial court’s denial of the exception of res judi-cata. The court of appeal granted writs, maintained the exception of res judicata, and dismissed the suit in its entirety with prejudice. The Louisiana Supreme Court denied writs.
On May 2, 1994, the trial court signed a judgment reflecting the oral ruling granting partial summary judgment in favor of plaintiffs. Defendants appealed the May 2, 1994, judgment and argued the trial court did not have authority to sign such a judgment in view of the court of appeal’s judgment dismissing the action. The court of appeal ruled that its prior judgment could be reconsidered because the case had reached the court on writs rather than appeal.
In resolving the issue, the Supreme Court stated the following in Tolis, supra.
When a court renders a judgment that decides the merits of the case in whole or in part, the judgment is a final judgment. La.Code Civ.Proc. Art. 1841. A final judgment may be rendered by either a trial court or an appellate court, and a judgment by an appellate court that decides the merits of the case is a *54 final judgment, regardless of whether the case reached the appellate court on appeal or on supervisory writs.
|4A final judgment is conclusive between the parties except on direct review. La.Rev.Stat. 13:4231. Moreover, a final judgment acquires the authority of the thing adjudged if no further review is sought within the time fixed by law or if the judgment is confirmed on further review. La.Civ.Code art. 3506(31). Once a final judgment acquires the authority of thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error in the final judgment.
The intermediate court’s judgment of March 29, 1994 dismissed plaintiffs’ action in its entirety with prejudice, thereby deciding the merits of the case. That judgment was therefore a final judgment, which became res judicata and conclusive between the parties when it was rendered, although subject to modification by a higher court on direct review. La.Rev.Stat. 13:4231. Moreover, that judgment acquired the authority of the thing adjudged when this court denied certiorari. La.Code Civ.Proc. art. 2166 D.
The January 20, 1994 judgment of the trial court overruling the exception of res judicata was an interlocutory judgment that reached the court of appeal on supervisory writs. If the court of appeal had simply denied supervisory writs, that denial would have been an interlocutory judgment that the court could have reconsidered on later review after judgment on the merits in the trial court. But the March 29, 1994 judgment of the court of appeal maintaining the exception of res judicata was itself a final judgment that barred subsequent modification by the court of appeal or by any other court except on direct review.
Accordingly, the judgment of the court of appeal of May 16, 1995 is reversed and the action is dismissed.
Texaco Trading filed an opposition to the motion to dismiss filed by Calumet. Texaco Trading asserts this court’s judgment of November 16, 1998, is not a final judgment within the meaning of La.Code Civ. P. art. 1841 because it did not dismiss the action, was not signed by any member of the court, contained no decretal language, and it was not provided with proper notice of the judgment.
Texaco Trading asserts the judgment did not dismiss the action, thus there was ambiguity created as to this court’s intention. Because of this uncertainty, Texaco Trading and Ruston J. Bourque submitted the judgment of dismissal to the trial court. Texaco Trading also asserts the court’s judgment was not signed by the judges of the panel because the judgment contained only the initials of the panel members. Texaco Trading also asserts the judgment did not contain language ordinarily found in a | ¿judgment such as “ordered,” “adjudged,” “decreed,” “judgment” or “dismiss.” Finally, Texaco Trading asserts it did not receive proper notice of the judgment because the notice sent did not indicate that the court’s action was intended to be a final judgment.
Bourque also filed an opposition to the motion to dismiss in which he asserts he is being deprived of constitutional due process rights by not being afforded the opportunity to submit a complete record, brief and oral argument to the court because this court decided the matter on supervisory writs rather than an appeal. Ruston J. Bourque asserts he would have been entitled to the right of appeal had the trial court granted the exception of prescription rather than denied it.
Neither Texaco Trading nor Bourque address Tolis, supra in their oppositions to the motion to dismiss. This court finds Tolis, supra to be controlling. In the instant case, this court granted writs and sustained Calumet’s exceptions of pre *55 scription as to the claims of Texaco Trading and Bourque. Texaco Trading and/or Bourque could have sought review of this court’s judgment by applying to this court for a rehearing and/or applying for writ of certiorari to the Louisiana Supreme Court. However, neither Texaco Trading nor Ru-sten J. Bourque sought review of this court’s November 16, 1998, judgment. When the delays for applying for a rehearing and/or writs to the Supreme Court expired, this court’s judgment of November 16, 1998, became final and definitive barring subsequent modification. Accordingly, the motion to dismiss the appeal filed in the above captioned consolidated eases is hereby granted.

MOTION GRANTED. APPEALS DISMISSED.