h SAUNDERS. Judge.

MOTION TO DISMISS

On February 27, 1995, Bernard E. Re-gan and his grandson, Timothy R. Regan, were traveling on La. Highway 395 when their vehicle was struck by a fertilizer spreader being operated by Larris Daigle (“Daigle”), an employee of R & M Spreader. Bernard E. Regan was killed and Timothy R. Regan was injured in the accident. The parents of Timothy R. Regan instituted suit as a result of this accident. The surviving spouse and children of Bernard E. Regan instituted suit as a result of this accident. The suits were consolidated in the trial court.
One of the parties sued in both suits was Helena Chemical Company (“Helena”). The plaintiffs alleged Helena is responsible for the negligent acts of Daigle, the *587 | ^operator of the fertilizer spreader. On November 9, 1998, Helena filed a motion for summary judgment seeking dismissal of plaintiffs’ claims and the claims of third party plaintiff, Louisiana Farm Bureau Casualty Insurance Company (“Louisiana Farm Bureau”), asserting it is not responsible for the negligent acts of Daigle as he was an employee of R & M Spreader at the time of the accident. The motion for summary judgment was heard by the trial court on January 5, 1999. The trial court denied Helena’s motion for summary judgment.
Helena filed an application for supervisory writs with this court seeking review of the trial court’s denial of its motion for summary judgment. On February 17, 1999, this court granted Helena’s writ application, reversed the trial court, and granted summary judgment in favor of Helena. (W99-102). On February 17, 1999, over the objection of Helena, the trial court signed a judgment granting Helena’s motion for summary judgment. Helena contends it was unnecessary for the trial court to sign such judgment as this court had rendered judgment in its favor on the motion for summary judgment.
On March 8, 1999, Louisiana Farm Bureau and Violet Hoffpauir Regan, et al filed applications for writ of certiorari with the Louisiana Supreme Court from this court’s grant of Helena’s writ application. (99-CC-0749 and 99-CC-0750). On May 7, 1999, the Louisiana Supreme Court denied writs.
On March 8, 1999, Louisiana Farm Bureau and Violet Hoffpauir Regan, et al filed motions and orders for appeal from this court’s and the trial court’s judgments granting summary judgment in favor of Helena. On April 28, 1999, Helena filed a motion to dismiss the appeals in the above captioned case.
Helena asserts plaintiffs and Louisiana Farm Bureau had two options for review of this court’s February 17, 1999, judgment. Plaintiffs and Louisiana Farm Bureau could have applied to this court for a rehearing pursuant to Uniform Rules— Courts of Appeal, Rule 2-18.7. The other option was to file an application for writ of certiorari with the Louisiana Supreme Court pursuant to Supreme Court Rules, Rule X, Section 5.
Plaintiffs and Louisiana Farm Bureau did not file an application for rehearing with this court, however, they filed applications for writ of certiorari with the Louisiana Supreme Court. On May 7, 1999, the Supreme Court denied the applications for writ of certiorari. Helena asserts the trial court did not have jurisdiction to sign the judgment of February 17, 1999, and res judicata bars relitigation 13of its motion for summary judgment.
Louisiana Farm Bureau filed an opposition to the motion to dismiss asserting it has a right to appeal the trial court’s February 17, 1999, judgment. In support of its assertion that it has a right to appeal, Louisiana Farm Bureau contends “... the writ process is an emergency procedure which does not allow and/or afford litigants the same opportunity to present their case to the Appellate Court, as is afforded by an appeal.” (Opposition to motion to dismiss, p. 2) Louisiana Farm Bureau further asserts the writ process does not allow for a full review of the record or oral argument.
In Tolis v. Board of Supervisors of Louisiana State University, 95-1529 (La.10/16/95); 660 So.2d 1206, the trial court orally granted a partial summary judgment in favor of plaintiffs on December 10, 1993. On January 20, 1994, the trial court overruled an exception of res judicata. Writs were taken to the court of appeal from the trial court’s denial of the exception of res judicata. The court of appeal granted writs, maintained the exception of res judicata, and dismissed the suit in its entirety with prejudice. The Louisiana Supreme Court denied writs.
On May 2, 1994, the trial court signed a judgment reflecting the oral ruling grant *588 ing partial summary judgment in favor of plaintiffs. Defendants appealed the May 2, 1994, judgment and argued the trial court did not have authority to sign such a judgment in view of the court of appeal’s judgment dismissing the action. The court of appeal ruled that its prior judgment could be reconsidered because the case had reached the court on writs rather than appeal.
In resolving the issue, the Supreme Court stated the following in Tolls, supra.
When a court renders a judgment that decides the merits of the case in whole or in part, the judgment is a final judgment. La.Code Civ.Proc. Art. 1841. A final judgment may be rendered by either a trial court or an appellate court, and a judgment by an appellate court that decides the merits of the case is a final judgment, regardless of whether the case reached the appellate court on appeal or on supervisory writs.
A final judgment is conclusive between the parties except on direct review. La.Rev.Stat. 13:4281. Moreover, a final judgment acquires the authority of the thing adjudged if no further review is sought within the time fixed by law or if the judgment is confirmed on further review. La.Civ.Code art. 3506(31). Once a final judgment acquires the authority of thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error |4in the final judgment.
The intermediate court’s judgment of March 29, 1994 dismissed plaintiffs’ action in its entirety with prejudice, thereby deciding the merits of the case. That judgment was therefore a final judgment, which became res judicata and conclusive between the parties when it was rendered, although subject to modification by a higher court on direct review. La.Rev.Stat. 13:4231. Moreover, that judgment acquired the authority of the thing adjudged when this court denied certiorari. La. Code Civ.Proc. Art. 2166D.
The January 20, 1994 judgment of the trial court overruling the exception of res judicata was an interlocutory judgment that reached the court of appeal on supervisory writs. If the court of appeal had simply denied supervisory writs, that denial would have been an interlocutory judgment that the court could have reconsidered on later review after judgment on the merits in the trial court. But the March 29, 1994 judgment of the court of appeal maintaining the exception of res judicata was itself a final judgment that barred subsequent modification by the court of appeal or by any other court except on direct review.
Accordingly, the judgment of the court of appeal of May 16, 1995 is reversed and the action is dismissed.
This court finds Tolls, supra to be controlling. In the instant case, this court granted judgment in favor of Helena on its motion for summary judgment. Although neither plaintiffs nor Louisiana Farm Bureau filed an application for rehearing with this court, they did file applications for writ of certiorari with the Louisiana Supreme Court. On May 7, 1999, the Supreme Court denied writs. Pursuant to La.Code Civ.P. art. 2166D, the judgment of this court became final and definitive, which bars subsequent modification, when -the Louisiana Supreme Court denied the applications for certiorari. Accordingly, the motion to dismiss filed in the above captioned consolidated cases is hereby granted.

MOTION GRANTED. APPEALS DISMISSED.