CHEHARDY, C.J.
| ^Plaintiff, Hector Alonso, appeals the 24th Judicial District Court’s January 21, 2016 judgment sustaining the dilatory exception of prematurity and dismissing without prejudice Mr. Alonso’s medical malpractice claims against defendants, Dr. Shebab A. Ebrahim, M.D. and University Healthcare System, L.C. d/b/a/ Tulane-Lakeside Hospital. For the reasons that follow, we affirm this judgment of the district court.
FACTS AND PROCEDURAL HISTORY
On April 29, 2011, Dr. Ebrahim performed retinal surgery on Mr. Alonso at Tulane-Lakeside Hospital in Metairie, Louisiana. Mr. Alonso alleges that he awoke from anesthesia during the surgery in excruciating pain and implored the medical staff to stop the surgery. Instead, he claims.he was held down, tape was placed over his mouth, and the surgery continued. He alleges the surgery was unsuccessful, resulting in permanent damage to his right eye.
On March 30, 2012, Mr. Alonso filed suit in Orleans Civil District Court alleging medical malpractice and seeking damages for the injuries he sustained as a result. Mr. Alonso named as defendants Dr. She-bab Ebrahim and University Healthcare System, L.C. d/b/a/ Tulane-Lakeside Hospital.[1] Mr. Alonso alleged that as the employer of Dr. Ebrahim, the hospital was vicariously liable for the acts of Dr. Ebra-him as well as its anesthesiologists, nurses, and other medical staff that treated Mr. Alonso. Also on March 30, 2012, Mr. Alon-so lodged a complaint with the Louisiana Division of Administration Patient’s Compensation Fund, requesting a medical review panel.
On November 16, 2012, the suit was transferred to the 24th Judicial District Court in accordance with La. C.C.P. At. 4873.
|?On August 28, 2014, the medical review panel issued its opinion that “the evidence does not support the conclusion that defendants .., failed to meet the applicable standard of care as charged in the complaint.”
On October 21, 2015, defendants pleaded the dilatory exception of prematurity, arguing Mr. Alonso’s medical malpractice action was premature because it had been filed before his complaint had been presented to the medical review panel. On January 21, 2016, following a hearing, the court issued its judgment, sustaining the exception and dismissing without prejudice Mr. Alonso’s claims against defendants. Mr. Alonso appeals this ruling in proper person.
DISCUSSION
An action is premature when it is brought before the right to enforce it has accrued. Williamson v. Hosp. Serv. Dist. No. 1, 04-0451 La. 12/1/04, 888 So.2d 782, 785 citing La. C.C.P. art. 423. The dilatory *358 exception of prematurity questions whether a cause of action has matured to the point where it is ripe for judicial determination. LaCoste v. Pendleton Methodist Hosp., L.L.C., 07-0008 (La. 9/5/07), 966 So.2d 519, 523; Williamson, supra; Spradlin v. Acadia-St. Landry Med. Found., 98-1977 (La. 2/29/00), 758 So.2d 116, 119.
Under the Louisiana Medical Malpractice Act (“LMMA”), a medical malpractice claim against a private qualified health care provider is subject to dismissal on an exception of prematurity if such claim has not first been presented to a medical review panel. LaCoste, supra, “No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section,” La. R.S. 40:1231.8(B)(1)(a)(i) (formerly La. R.S. 40:1299.47(B)(1)(a)(i)).
When the exception of prematurity is pled in the medical malpractice context, the burden of proving prematurity is on the exceptor, who must show that | ait is entitled to a medical review panel because the allegations fall within the LMMA. LaCoste, supra, at 523-24. Indeed, the LMMA and its limitations on tort liability for a qualified health care provider apply only to claims “arising from medical malpractice,” while all other tort liability on the part of the qualified health care provider is governed by general tort law. Id. at 524. Therefore, we conduct a de novo review of the district court’s ruling sustaining the dilatory exception of prematurity because the issue of whether a claim sounds in medical malpractice involves a question of law. Matherne v. Jefferson Parish Hospital Dist. No. 1, 11-1147 (La. App. 5 Cir. 5/8/12), 90 So.3d 534, 536, writ denied, 12-1545 (La. 10/12/12), 98 So.3d 873. Moreover, because no evidence was introduced at the hearing on the exception of prematurity, we must, as the district court did below, render our decision on the exception based solely upon the facts as alleged in the petition, accepting all allegations therein as true. See LaCoste, supra, at 525 (“Where no evidence is presented at trial of a dilatory exception, like prematurity, the court must render its decision on the exception based upon the facts as alleged in the petition, and all allegations therein must be accepted as true.”).
We begin our analysis with the definition of “malpractice” as defined by the LMMA:
[A]ny unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of' a health care provider arising from acts or omissions during the procurement of blood or blood components, in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.
La. R.S. 40:1231.1(A)(13).
|4To assist in the determination of whether a claim sounds in medical malpractice under the LMMA, the Louisiana Supreme Court has set forth six factors to consider:
(1) whether the particular wrong is “treatment related” or caused by a dereliction of professional skill;
(2) whether the wrong requires expert medical evidence to determine whether *359 the appropriate standard of care was breached;
(3) whether the pertinent act or omission involved assessment of the patient’s condition;
(4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform;
(5) whether the injury would have occurred if the patient had not sought treatment; and
(6) whether the tort alleged was intentional.
Coleman v. Deno, 01-1517 (La. 1/25/02), 813 So.2d 303, 315-16.
Our review of these factors in this case leads us to conclude that Mr. Alon-so’s claim sounds in medical malpractice under the LMMA. Under the first factor, it is clear that Mr. Alonso’s alleged injury is “treatment related” as it was sustained during a surgical procedure. Second, expert medical evidence is required to determine whether Dr. Ebrahim breached the appropriate standard of care in treating a patient who regained consciousness mid-surgery. Third, the pertinent act or omission, ie., the medical response to the patient’s regaining consciousness during surgery, involved an assessment of Mr. Alonso’s condition, ie., if and to what degree he was properly anesthetized. Fourth, it is apparent that Mr. Alonso’s injury, which is alleged to have occurred during a surgical procedure, occurred in the context of a physician-patient relationship. Fifth, where Mr. Alonso’s injury was the result of alleged error(s) committed during a surgical procedure, it is clear that the injury would not have occurred had he not sought the surgical treatment. And finally, Mr. Alonso does not allege intentional torts, asserting in his petition I sthat “[t]he proximate cause of [his] injuries is due to the negligence of [defendants],” who “failed to use adequate levels of care, skill or diligence in performance of their professional duties.”
Accepting as true the allegations in Mr. Alonso’s petition, we conclude that his claims as alleged therein fall within the purview of the LMMA. Because the record also reflects that Dr. Ebrahim and Tulane-Lakeside Hospital are both qualified health care providers under the LMMA, La. R.S. 40:1231.8(B)(1)(a)(i) mandates that Mr. Alonso’s complaint against them must be “presented to a medical review panel” before his action is commenced in court.
On the day that Mr. Alonso commenced his action in court, March 30, 2012, he also sent by certified mail a complaint to the Patient’s Compensation Fund requesting a medical review panel. The record reflects that the PCF received this complaint on April 3, 2012. Our review of La. R.S. 40:1231.8 leads us to conclude that a complaint requesting a medical review panel has not been presented to a medical review panel for purposes of La. R.S. 40:1231.8(B)(1)(a)(i).
Again, La. R.S. 40:1231.8(B)(1)(a)(i) provides; “No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.” The procedure for establishing a medical review panel pursuant to Section 1231.8 is set forth in Subsection (C). But before a medical review panel can be established in accordance with Subsection (C), the panel must first be requested pursuant to the procedure set forth in Subsection (A).
In this ease, Mr. Alonso completed the first step in this multi-step process on March 30, 2012 when he lodged his complaint requesting a medical review panel. *360 On this same date, however, Mr. Alonso also commenced his action in court, at a time when the medical review panel had only been requested, not established. | ^Because his complaint could not have been presented to a medical review panel that had yet to be established, it follows that his action was commenced in court before his complaint was presented to a medical review panel. The district court correctly sustained the exception of prematurity.
DECREE
For the foregoing reasons, we affirm the January 21, 2016 judgment of the district court sustaining the dilatory exception of prematurity and dismissing without prejudice Mr. Alonso’s claims against defendants.
AFFIRMED

. Mr. Alonso initially named other defendants, who he later voluntarily dismissed from the suit.