STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0052

SUSAN RUSSO MARCHAND, ET AL

VERSUS

TEXAS BRINE COMPANY, LLC, ET AL

**Judgment Rendered:**

* * * * * * *

DEC 2 7 2019

On appeal from the
Twenty-Third Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Docket No. 34,270, Div. A

Honorable Jason Verdigets, Judge Presiding

* * * * * * *

Leopold Z. Sher
James M. Garner
Peter L. Hilbert, Jr.
Neal J. Kling
Jeffrey D. Kessler
Jonathan B. Cerise
Martha Y. Curtis
Rebekka C. Veith
Kevin M. McGlone
David A. Freedman
New Orleans, LA

Robert Ryland Percy III
Travis J. Turner
Gonzales, LA

Katie D. Bell
Bradley C. Myers
Troy J. Carpentier
Baton Rouge, LA

Dane S. Ciolino
Metairie, LA

Counsel for
Third-Party Plaintiff/Appellant
Texas Brine Company, LLC

James Kuhn
Ponchatula, LA

Christoper B. Bailey            Counsel for
Matthew J. Randazzo, III      Third-Party Defendant/Appellee
Shawn A. Carter              Browning Oil Company, Inc.,
Will Montz                  Colorado Crude Company, and
Joshua S. Barnhill          LORCA Corporation
Lafayette, LA

Erika L. Bright
Jeffrey L. Millis
Dallas, TX

Joseph L. Shea               Counsel for
Katherine Smith Baker       Third-Party Defendant/Appellee
Ashley G. Gable             Reliance Petroleum
Joshua A. Chevallier         Corporation
Shreveport, LA

Jason M. Cerise
New Orleans, LA

Chad J. Landry
Metairie, LA

Margaret G. Patton
Baton Rouge, LA

Charles E. Tabor            Counsel for
Reid A. Jones                Third-Party Defendant/Appellee
Frank H. Spruiell, Jr.        Sol Kirschner
Reid A. Jones
Seth M. Moyers
Shreveport, LA

* * * * * * *

BEFORE:  GUIDRY, WELCH, AND THERIOT, JJ.

**GUIDRY, J.**

Third-party plaintiff, Texas Brine Company, LLC (Texas Brine), appeals a judgment granting the peremptory exceptions of *res judicata* and collateral estoppel filed by third-party defendants. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The underlying history of this case is familiar to this court as it has previously been before us on numerous occasions. In May of 2013, twenty plaintiffs, as owners of land in Assumption Parish, filed suit against Texas Brine, among others, asserting damages and injuries from a sinkhole caused by salt mining operations. Texas Brine answered the plaintiffs' petition, generally denying liability. Texas Brine also filed various incidental demands.

Most relevant to this case, in 2015, Texas Brine filed amended incidental demands against multiple parties including the third-party defendants herein, Reliance Petroleum Corporation, Browning Oil Company, Inc., LORCA Corporation, Colorado Crude Company, and Sol Kirschner (collectively, "the oil and gas parties"). In the first matters to proceed to trial, the *Pipeline* cases,[1] the oil and gas parties filed motions for partial summary judgment and involuntary dismissal as to all of Texas Brine's claims against them. These motions were granted by the trial court, in favor of the oil and gas parties, with several rulings affirmed by this court on appeal.[2]

Thereafter, with nearly identical incidental demands filed by Texas Brine against them in the matter herein, the oil and gas parties filed peremptory exceptions

---

[1] The *Pipeline* cases were several of many arising from the 2012 sinkhole. The *Pipeline* cases include <u>Crosstex Energy Services, LP, et al. v. Texas Brine Co., LLC, et al.</u>, No. 343202, 23rd Judicial District Court, Assumption Parish; <u>Pontchartrain Natural Gas System, et al. v. Texas Brine Co., LLC, et al.</u>, No. 34265, 23rd Judicial District Court, Assumption Parish; and <u>Florida Gas Transmission Co., LLC v. Texas Brine Co., LLC, et al.</u>, No. 34316, 23rd Judicial District Court, Assumption Parish.

[2] Multiple appeals were filed by Texas Brine pertaining to the summary judgment and involuntary dismissals, some of which are still pending before this court. The trial court has been affirmed by this court in the following cases: <u>Crosstex Energy Services, LP v. Texas Brine Company, LLC,</u>

based on the doctrines of *res judicata* and collateral estoppel. The trial court sustained those peremptory exceptions in a judgment signed on July 16, 2018. Now, Texas Brine appeals, claiming that the trial court's *res judicata* judgment "will be in error," to the extent that any summary judgment or involuntary dismissal in a *Pipeline* case is overruled or modified on appeal, and that the trial court erred in prematurely dismissing, with prejudice, Texas Brine's claims against the oil and gas parties. Texas Brine also filed a motion to stay the instant appeal.[3]

## DISCUSSION

Texas Brine argues that the trial court's *res judicata* judgment was in error and that the court prematurely dismissed, with prejudice, Texas Brine's claims against the oil and gas parties. We first address Texas Brine's assertion of error regarding the "premature dismissal" of its claims. In doing so, we recognize the general rule, codified in Uniform Rules-Courts of Appeal, Rule 1-3, which provides: "[t]he Courts of Appeal will review only issues which were submitted to the trial court ..., unless the interest of justice clearly requires otherwise." We note that the issue of prematurity was never submitted to the trial court by Texas Brine. Accordingly, we decline to consider it on appeal.

---

18-0900 (La. App. 1st Cir. 8/5/19), 2019 WL 3561759; Pontchartrain Natural Gas System v. Texas Brine Company, LLC, 18-0631 (La. App. 1st Cir. 7/3/19), 281 So. 3d 1, writ denied, 19-01423 (La. 11/12/19), ___ So. 3d ___, 2019 WL 6108130; Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC, 18-0842 (La. App. 1st Cir. 8/5/19), 2019 WL 3561807; Pontchartrain Natural Gas System v. Texas Brine Company, LLC, 18-0606 (La. App. 1st Cir. 12/21/18), 268 So. 3d 1058, writ denied, 19-0526 (La. 6/17/19), 273 So. 3d 1210; Crosstex Energy Services, LP v. Texas Brine Company, LLC, 18-1213 (La. App. 1st Cir. 7/11/19), 2019 WL 3049762, writ denied, 19-01126 (La. 7/17/19), 277 So. 3d 1180; Crosstex Energy Services, LP v. Texas Brine Company, LLC, 18-0749 (La. App. 1st Cir. 2/27/19), 2019 WL 969564; and Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC, 18-0549 (La. App. 1st Cir. 7/1/19), 2019 WL 2723560, writ denied, 19-01227 (La. 10/15/19), 280 So. 3d 611.

[3]On March 22, 2019, Texas Brine filed its motion to stay the instant appeal, arguing that a reversal of the summary judgment/involuntary dismissal on appeal would render the trial court's July 16, 2018 *res judicata* judgment erroneous. The motion to stay was referred to this panel to which the appeal is assigned.

4

In addressing the issue of *res judicata*, we note the following: Louisiana Revised Statutes 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). <u>Henkelmann v. Whiskey Island Preserve, LLC</u>, 13-0180, p. 6 (La. App. 1st Cir. 5/15/14), 145 So. 3d 465, 470. The statute provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. R.S. 13:4231.

The Louisiana Supreme Court has stated that "the chief inquiry is whether the second action asserts a cause of action which arises out of the same transaction or occurrence that was the subject matter of the first action." <u>Burguieres v. Pollingue</u>, 02-1385, p. 7 (La. 2/25/03), 843 So. 2d 1049, 1053. The Court has also emphasized that all of the following must be fulfilled to preclude a second action under *res judicata*:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

5

Burguieres, 02-1385 at p. 8, 843 So. 2d at 1053.

In this Court's view, all of the essential elements of *res judicata* are present in this matter. The judgments in the first suits are final and valid,[4] and the parties in the first and second suits remain the same. Thus, the first three elements are met. In addition, with nearly identical incidental demands filed in the first and second suits, it is clear from the record that the causes of action asserted in the second suit existed at the time of the final judgment in the first litigation—the fourth element, and arose out of the same occurrence that was the subject of the first litigation—the fifth element.

The plaintiff's reliance on a "reversal" by this court of the trial court's judgments, which would in turn make the *res judicata* judgment an error, is wholly misplaced. A final judgment is conclusive between the parties except on direct review. La. R.S. 13:4231; see also Tolis v. Board of Sup'rs of Louisiana State University, 95-1529, p. 2 (La. 10/16/95), 660 So. 2d 1206 (per curiam). Furthermore, a final judgment becomes res judicata and conclusive between the parties when it was rendered, although subject to modification by a higher court on direct review. Tolis, 95-1529 at p. 3, 660 So. 2d at 1207. In this case, the trial court found that the statutory requirements of *res judicata* were met, and we agree. We find no merit in the plaintiff's assertion that the trial court erred in rendering its judgment. Finally, we deny Texas Brine's motion to stay this appeal. We find there is no valid reason to delay this matter.

## CONCLUSION

For the above and foregoing reasons, we affirm the trial court's July 16, 2018 judgment, sustaining the exceptions of *res judicata* and collateral estoppel filed by the third-party defendants, Reliance Petroleum Corporation, Browning · Oil

---

[4] See La. R.S. 13:4231, COMMENTS – 1990 (d).

Company, Inc., LORCA Corporation, Colorado Crude Company, and Sol Kirschner, and dismissing, with prejudice, the third-party demands of the plaintiff, Texas Brine Company, LLC. We also deny the motion to stay this appeal. All costs of this appeal are assessed to Plaintiff-Appellant Texas Brine Company, LLC.

**MOTION TO STAY DENIED; JUDGMENT AFFIRMED.**