HECTOR L. ALONSO HUSBAND AND
MARIA D. ALONSO

VERSUS

ADMINISTRATION PATIENT'S
COMPENSATION FUND, SHEHAB A.
EBRAHIM, M.D., ANNE PANAGGIO
MCCUNVILLE, M.D., TULANE LAKESIDE
HOSPITAL ET. AL D/B/A UNIVERSITY
HEALTHCARE SYSTEM LC, TULANE
UNIVERSITY HOSPITAL AND CLINIC

NO. 20-CA-211

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 800-542, DIVISION "M"
HONORABLE ROBERT J. BURNS, JUDGE PRO TEMPORE,
PRESIDING

December 30, 2020

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Hans J. Liljeberg

**<u>AFFIRMED</u>**

   **FHW**
   **SJW**
   **HJL**

PLAINTIFF/APPELLANT,
HECTOR L. ALONSO HUSBAND AND MARIA D. ALONSO
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
LOUISIANA PATIENT'S COMPENSATION FUND AND THE LOUISIANA
PATIENT'S COMPENSATION FUND OVERSIGHT BOARD
    Conrad Meyer
    Charles O. Taylor
    Sarah J. L. Christakis

**WICKER, J.**

This appeal is one of several arising from an alleged medical malpractice incident that occurred on April 29, 2011. Following his retinal surgery, plaintiff Hector Alonso filed virtually identical medical malpractice actions against his various healthcare providers, as well as the instant litigation against the Louisiana Patient's Compensation Fund and the Louisiana Compensation Fund Oversight Board (hereinafter the "PCF" or "Defendant"). Herein, Mr. Alonso, in proper person, appeals from the trial court's June 15, 2020 judgment sustaining a peremptory exception of prescription filed by the PCF. For the following reasons, we affirm.[1]

### *Procedural Background*[2]

On April 29, 2011, Dr. Shebab Ebrahim performed retinal surgery on Mr. Alonso at Tulane–Lakeside Hospital in Metairie, Louisiana. Mr. Alonso alleges that he awoke from anesthesia during the surgery in excruciating pain and implored the medical staff to stop. Instead, he claims he was held down, tape was placed over his mouth, and the surgery continued without his consent. He alleges the surgery was unsuccessful, resulting in permanent damage to his right eye and the dislodging of one of his teeth.

On March 30, 2012, Mr. Alonso simultaneously filed suit in Orleans Civil District Court and lodged a complaint with PCF, requesting a medical review panel, naming as defendants Dr. Ebrahim and University Healthcare System, L.C. d/b/a/ Tulane–Lakeside Hospital. On November 16, 2012, the suit was transferred

---

[1] While the judgment Mr. Alonzo may timely complain of on appeal is the June 15, 2020 judgment sustaining the PCF's exception of prescription, in the case currently pending before the court, in two of his three assignments of error, Mr. Alonzo actually complains of the trial court's prior November 7, 2016 judgment sustaining an exception of prescription filed by other defendants in a separate lawsuit arising out of the same nexus of facts. As discussed *infra*, the November 7, 2016 judgment was affirmed by this Court on December 13, 2017, and therefore is final. *See In Re Med. Review Panel Proceedings for Claim of Alonso*, 17-230 (La. App. 5 Cir. 12/13/17), 232 So.3d 730, 731.

[2] A complete statement of facts has twice been set forth by this Court, as such, we now provide a cumulative procedural history as is relevant for the distinct purposes of this Opinion. *See Alonso v. Tulane Univ. Med. Ctr.*, 16-420 (La. App. 5 Cir. 12/7/16), 215 So.3d 355, *writ denied*, 17-0184 (La. 3/24/17), 216 So.3d 816; *see also In Re Med. Review Panel Proceedings for Claim of Alonso*, *supra*.

to the 24th Judicial District Court in accordance with La. C.C.P. art. 4873. On August 28, 2014, the medical review panel issued its opinion, finding there was no breach of the standard of care.

On October 21, 2015, defendants filed a dilatory exception of prematurity in the case pending in the 24th Judicial District Court, arguing Mr. Alonso's medical malpractice suit was premature at the time it was filed because suit had been filed before his complaint had been presented to and decided by the medical review panel. On January 21, 2016, the court issued its judgment, sustaining the exception and dismissing Mr. Alonso's claims against defendants without prejudice. Thereafter, on December 7, 2016, this Court affirmed the trial court's judgment in *Alonso v. Tulane Univ. Med. Ctr.*, 16-420 (La. App. 5 Cir. 12/7/16), 215 So.3d 355, *writ denied*, 17-0184 (La. 3/24/17), 216 So.3d 816.

Six months later, on July 14, 2016, Mr. Alonso filed a second request for medical review panel with the PCF against various nurses involved in his April 2011 cataract surgery. In response to the 2016 medical review panel request, Nurse Thibode, Nurse Krajce, and CRNA Burke filed exceptions of prescription, seeking dismissal of the medical review panel proceedings pursuant to the time periods set forth by La. R.S. 9:5628(A).[3] The hearing of the nurses' exceptions occurred on November 7, 2016. At the close of the hearing, the trial judge issued an oral ruling sustaining defendants' exceptions. Judgment sustaining defendants' exceptions and dismissing Mr. Alonso's request for a medical review panel, with prejudice, was likewise signed on November 7, 2016. On December 13, 2017, this Court affirmed the trial court's judgment dismissing Mr. Alonso's claims, with prejudice, against D'Chel Clark Thibode, R.N., Michelle Krajce, R.N., and

---

[3] Mr. Alonso's July 14, 2016 panel request, filed more than one year after the alleged acts of malpractice, was prescribed on its face and La. R.S. 40:1299.47(B)(2)(a) allows for a qualified health-care provider to raise an exception during the pendency of the medical review panel proceeding.

Kimberly C. Burke, CRNA. *See In Re Med. Review Panel Proceedings for Claim of Alonso*, 232 So.3d at 735.

On October 17, 2019, Mr. Alonso filed the instant Petition for Damages against the PCF in the 24th JDC, rather than against his healthcare providers. Mr. Alonso subsequently filed a Rule to Show Cause Why Damages Should Not Be Granted on December 16, 2019, and a Second Amended Petition for Damages on February 21, 2020. Also on February 21, 2020, Mr. Alonso filed a copy of the trial court's November 7, 2016 judgment, as well as an additional "Order," reiterating that all claims against D'Chel Clark Thibode, R.N., Michelle Krajce, R.N., and Kimberly C. Burke, CRNA have been dismissed. On January 7, 2020, the PCF filed a Peremptory Exception of Prescription. Defendant PCF's exception came for hearing on March 3, 2020.[4]

At the hearing, Defendant argued that the action was facially prescribed under La. R.S. 9:5628(A), shifting the burden to Mr. Alonso to show it was timely. In support of its argument, Defendant filed official dated copies of Mr. Alonso's 2016 medical review panel request and receipt in support of its argument. Appearing pro se,[5] Mr. Alonso argued that the timely filing of his initial 2012 request for a medical review panel and an unidentified court order extending the prescription of the original action suspended (interrupted)[6] the prescriptive period on this action through January 15, 2015. Mr. Alonso then argued that because the medical review panel rendered its initial decision on August 28, 2014, the four

---

[4] The trial court declined to hear arguments on Mr. Alonso's Rule to Show Cause due to procedural infirmities.

[5] In deference to Mr. Alonso's *pro se* status, the trial court allowed him to make oral arguments at the hearing despite the fact that no memorandum in opposition to the exception of prescription and/or any supporting documentation had been filed into the record, or furnished to the trial court and opposing counsel. *See* La. Dist. Court Rules, Rules 9.9(c), (e).

[6] Mr. Alonso used the term suspension in his oral arguments while seemingly discussing interruption; likewise, he used suspension and interruption interchangeably in his appeal brief. We point out that the concepts of interruption and suspension of prescription are distinguishable. If prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of the interruption. By contrast, if prescription is suspended, the period of suspension is not counted toward the accrual of prescription, but the time that has previously run is counted. La. C.C. art. 3466.

months of prescription between August 28, 2014 and January 15, 2015, which had allegedly not been used, may be applied to the instant case. Further, he contended, that the filing of the second medical review panel request re-interrupted prescription adding three months to the action's liberative prescriptive period. Mr. Alonso concluded that because of those seven months, cumulatively, plus an additional three years from the date of discovery, his action remains timely. Mr. Alonso submitted no further evidence. At the close of the hearing, the trial judge sustained Defendant's exception and dismissed the claim.[7] Mr. Alonso moved for an appeal.

### *Arguments on Appeal*

Mr. Alonso's *pro se* brief designates three errors. Mr. Alonso first alleges that on November 7, 2016, in the previous suit, the trial court committed legal error in sustaining Nurse Thibode, Nurse Krajce, and CRNA Burke's peremptory exceptions of prescription.

Mr. Alonso next appears to request that this Court reverse the "judgments" filed on February 21, 2020, on the basis of "time of Suspended of Prescription" through October 31, 2018.

In his third assignment of error, Mr. Alonso avers that the transcripts of the March 3, 2020 hearing are "vague and ambiguous [sic] and their [sic] presentation is seriously flawed and friviolous."

### *Law & Discussion*

As a preliminary matter we point out that Mr. Alonso has failed to brief any assignment of error with respect to the trial court's decision sustaining the PCF's

---

[7] Although the trial judge orally granted Defendant's exception and dismissed Mr. Alonso's suit with prejudice, the written judgment dated June 15, 2020 states "without prejudice." Nevertheless, a trial judge may render a written judgment that differs in substance from his prior oral statements. The oral statements form no part of the judgment. *Richard v. Bourgeois*, 19-494 (La. App. 5 Cir. 3/18/20), 293 So.3d 790, 793. When there is a conflict between oral reasons for judgment and a written judgment, the written judgment controls. This is true even when the trial court may have intended otherwise. *Id*; *Bourgeois v. Bazil*, 18-676 (La. App. 5 Cir. 4/24/19), 271 So.3d 341, 348.

peremptory exception of prescription, which was directly appealed in the instant case. All assignments of error must be briefed and the appellate court may consider as abandoned any assigned error that has not been briefed. Accordingly, we find plaintiff has abandoned any such assignment of error, and therefore decline to consider the merits of this assignment. La. U.R.C.A. 2-12.4; *Riley v. Hollander*, 19-520 (La. App. 5 Cir. 5/28/20), 296 So.3d 1248, 1258, *writ denied*, 20-833 (La. 10/14/20).

*Assignment of Error No. 1*

Before us is the unusual circumstance in which the Appellant, Mr. Alonso, has filed an appeal from the November 7, 2016 judgment, upon which we have already ruled, and asks that this Court reverse the trial court's granting of Nurse Thibode, Nurse Krajce, and CRNA Burke's peremptory exceptions of prescription. In our December 13, 2017 opinion addressing that Judgment, this Court held that "Mr. Alonso's claims against defendants prescribed *at the latest* on April 29, 2014, three years from the date of the alleged act, omission or neglect. Mr. Alonso's request for medical review panel filed on July 14, 2016, *five years* after the alleged act, omission or neglect, is clearly too late and barred by prescription." *In re Med. Review Panel Proceedings for Claim of Alonso*, 232 So.3d. at 735 (emphasis in original).

The issue of subject matter jurisdiction addresses the Court's authority to ajudicate this matter; the issue may be considered at any time, even by an appellate court on its own motion, at any stage of an action. *Boudreaux v. State, Dept. of Transp. and Development*, 01-1329 (La. 2/26/02), 815 So.2d 7, 13. Subject matter jurisdiction is a threshold issue, which this Court has a duty to examine, even when the issue is not raised by the litigants. *Id.* Considering our previously rendered decision, we find that this Court lacks subject matter jurisidction over this assignment of error.

After this Court rendered judgment on the previous appeal in 2017, Mr. Alonso did not apply for a rehearing with this court, nor did he seek review from the Supreme Court as provided in La. C.C.P. art. 2166.[8] Under the express provisions of La. C.C.P. art. 2166(A):

> The judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed.

A judgment that decides the merits of the case in whole or in part is a final judgment. La. C.C.P. art. 1841; *Tolis v. Board of Supervisors of Louisiana State University*, 95-1529 (La. 10/16/95), 660 So.2d 1206 (*per curiam*). A final judgment may be rendered by either a trial court or an appellate court, and a judgment by an appellate court that decides the merits of the case is a final judgment, regardless of whether the case reached the appellate court on appeal or on supervisory writs. *Tolis*, 660 So.2d at 1206. A final judgment is conclusive between the parties except on direct review. La. R.S. 13:4231. Moreover, a final judgment becomes final and definitive and acquires the authority of the thing adjudged if no further review is sought within the time fixed by law, if the Supreme Court denies an application for certiorari, or if the judgment is confirmed on further review. La. C.C.P. arts. 2166-67; *Tolis*, 660 So.2d at 1206. Once a judgment becomes final and definitive and acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error in the final judgment. *Tolis*, 660 So.2d at 1206. Further, even where certiorari is granted on the application of any party, the judgment cannot be changed to the benefit of

---

[8] "Within fourteen days of the transmission of the notice of the judgment of the court of appeal, a party may apply to the court of appeal for a rehearing. Within thirty days of the transmission of the notice of the judgment of the court of appeal, a party may apply to the supreme court for a writ of certiorari." La. C.C.P. art. 2166.

another party who has failed to apply for review. *Wyatt v. Avoyelles Par. Sch. Bd.*, 2001-3180 (La. 12/4/02), 831 So.2d 906, 916.

The November 7, 2016 judgment was affirmed by this Court on December 13, 2017; all matters previously decided by this Court cannot now be re-litigated. Mr. Alonso failed to either timely apply to this Court for a rehearing or take writ with the Supreme Court, the judgment complained of is long since final. Accordingly, we have no subject matter jurisdiction over this assignment of error.

*Assignment of Error No. 2*

Mr. Alonso's second assignment of error is moderately incomprehensible and the "judgments" from which Mr. Alonsos appeal, in this assignment, are merely documents that he created, signed, and filed into the record. The trial court actually took no action whatsoever on these documents. Therefore, there is no judgment or ruling of the trial court for us to review at this time.

*Assignment of Error No. 3*

Here, Mr. Alonso does not complain of any specific action or ruling of the trial court. Rather, with no specificity, he contends that he simply does not like the way that the March 3, 2020 hearing was transcribed. On appeal, an appellant must complain of some specific action taken by the trial court. *See* La. Unif. R. Ct. App. 2-12.4(B). Again, this assignment presents nothing for this Court to review.

*Conclusion*

For the foregoing reasons, we affirm the June 15, 2020 judgment of the district court sustaining the PCF's peremptory exception of prescription and dismissing Mr. Alonso's claims against defendants.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 30, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-CA-211

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
CHARLES O. TAYLOR (APPELLEE)          CONRAD MEYER (APPELLEE)                    SARAH J. L. CHRISTAKIS (APPELLEE)

### MAILED
HONORABLE  ROBERT J. BURNS, JUDGE          HECTOR ALONSO  (APPELLANT)
PRO TEMPORE (DISTRICT JUDGE)               MARIA D. ALONSO  (APPELLANT)
JUDGE DIVISION "M"                         3409 NORTH 7TH STREET
24TH JUDICIAL DISTRICT COURT               OCEAN SPRINGS, MS 39564
4TH FLOOR, SUITE 4100
GRETNA, LA 70053